IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALEXANDER LEROY, #266237,     )
                              )
        Petitioner,           )
                              )
                              )     CASE NO. 1:11-CV-991-TMH
                              )            [WO]
                              )
J. C. GILES,  et al.,         )
                              )
        Respondents.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Alexander Leroy ["Leroy"], a state inmate, on November 13, 2011.[1]  In this petition, Leroy challenges a conviction for trafficking in marijuana imposed upon him by the Circuit Court of Houston County, Alabama on May 13, 2009.  The trial court sentenced Leroy on June 16, 2009 to twenty years imprisonment.  This conviction and sentence became final by operation of law in February of 2010.

Pursuant to the orders of this court, the respondents filed answers in which they

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Although the court received the instant habeas petition on November 21, 2011, a review of the petition indicates that Leroy submitted it to prison officials for mailing November 13, 2011. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 15.  In light of the foregoing, the court considers November 13, 2011 as the date of filing.

argue that this federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions.  28 U.S.C. § 2244(d)(1).[2]  The respondents contend that because Leroy's controlled substance conviction became final in 2010 -- after the effective date of the statute of limitations -- Leroy must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction action related to the conviction remained pending in the state courts. The respondents acknowledge that Leroy filed a state post-conviction petition under Rule 32, Ala.R.Cr.P., with the Circuit Court of Houston County on March 3, 2011.[3]  However, the respondents maintain that this Rule 32 petition failed to toll the federal period of limitation because the petition was not filed within the one-year period of limitation required by state law, *see Respondents' Exhibit E (Trial Court Order Denying Rule 32 Petition) - Doc. No. 10-5*, and, therefore, the state petition was not "properly filed" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of statutory tolling.

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

[3]The Rule 32 petition establishes that Leroy executed the petition on March 3, 2011.  Thus, this date is the earliest date on which Leroy could have submitted the petition to prison officials for mailing. *Respondents' Exhibit D - Doc. No. 10-4* at 7.  As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing.  *Houston*, 487 U.S. at 271-272.  "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and March 3, 2011 is therefore the appropriate date of filing for Leroy's Rule 32 petition.

*Respondents' Answer - Doc. No. 10* at 5; *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 7, 4 (2007) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling of the limitation period under] § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (An untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.").[4]

---

[4]The records of the state courts demonstrate that the Rule 32 petition was deemed untimely as to all claims presented by Leroy with the exception of the claim that his sentence was not authorized by law, a jurisdictional claim which is not subject to the state period of limitation. *See* Rule 32.2(c), Ala.R.Cr.P. With respect to this claim, the Alabama Court of Criminal Appeals determined that the claim lacked merit. *Respondents' Exhibit C - Doc. No. 10-3* at 3.

It is likewise clear that Leroy's Rule 32 petition was filed after expiration of the federal limitation period and, consequently, the petition did not serve to toll the one-year period of limitation because the state petition was not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the time period. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Absent tolling or a delayed start date, the record establishes that Leroy filed his federal habeas petition after expiration of § 2254's one-year period of limitation. The court therefore entered an order advising Leroy that he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of*

*January 5, 2012 - Doc. No. 11.*  This order also provided Leroy an opportunity to show

cause why his habeas petition should not be barred from review by this court as untimely

filed.  In response to this order, Leroy asserts that:  (i) He is entitled to equitable tolling of

the limitation period until receipt of documents from appellate counsel for use in his Rule

32 petition; (ii) Counsel's delay in providing the documents to him "constitutes the type

of [state action] impediment warranting [invocation] of" the later triggering date set forth

in 28 U.S.C. § 2241(d)(1)(B), i.e., the limitation period should not begin to run until he

received documents relevant to his conviction from appellate counsel on February 27,

2011;[5] and (iii) He did not understand the law regarding the documents necessary to filing

a Rule 32 petition.  *Petitioner's Response - Doc. No. 14* at 2-3.

Upon review of the pleadings filed by the parties, the undisputed state court record

and applicable federal law, the court determines that no evidentiary hearing is required,

Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and

concludes that the present habeas petition is due to be denied as Leroy failed to file the

petition within the applicable one-year period of limitation.

## II.  DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

April 24, 1996 and amended the habeas corpus statute to include a one-year period of

---

[5]Leroy advises that he retained counsel to represent him on direct appeal of his conviction.
*Petitioner's Response - Doc. No. 14* at 2.

limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is

codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Leroy maintains that the action of appellate counsel in delaying provision of

documents to him for use in preparing/filing his Rule 32 petition establishes an impediment

created by State action violative of his constitutional rights which prevented him from

timely filing his federal habeas petition.  *Petitioner's Response - Doc. No. 14* at 2.  He

therefore argues that under 28 U.S.C. § 2244(d)(1)(B) the limitation period did not begin

to run until he received the documents on February 27, 2011.  *Id*. at 2-3.  This argument

is without merit because the action of retained counsel about which Leroy complains does not constitute state action.  *Polk County v. Dodson*, 454 U.S. 312 (1981) (attorney who represents defendant in criminal proceedings does not act under color of state law); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors...").  Consequently, the start date of the limitation period allowed under 28 U.S.C. § 2244(d)(1)(B) for an "impediment to filing an application [for writ of habeas corpus] created by State action" is not warranted.

   In light of the foregoing, the applicable provision of the statute directs that the limitation period begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  28 U.S.C. § 2244(d)(1)(A).   Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired.").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires.  *Id.*

7

On May 13, 2009, Leroy entered a guilty plea before the Circuit Court of Houston County, Alabama to trafficking in marijuana.  The trial court sentenced Leroy to twenty years imprisonment on June 16, 2009.  Leroy filed a direct appeal of his conviction and sentence.  On January 22, 2010, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Leroy's trafficking conviction.  *Respondents' Exhibit A - Doc. No. 10-1.*  Leroy did not seek further appellate review of his conviction.  Hence, the Alabama Court of Criminal Appeals issued the certificate of judgment on February 10, 2010.  Since Leroy failed to fully exhaust the direct appeal process, he could not petition the United States Supreme Court for review of his conviction.  By operation of law, Leroy's trafficking in marijuana conviction became final, at the latest, on February 10, 2010 -- upon issuance of the certificate of judgment -- and the one-year limitation period contained in 28 U.S.C. § 2244(d)(1)(A) began to run on February 11, 2010.[6]  In the absence of judicially prescribed equitable tolling or statutory tolling under 28 U.S.C. § 2244(d)(2), the limitation period expired on February 11, 2011.

1.  **Equitable Tolling.**  Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.

---

[6]In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). The United States Supreme Court recently confirmed the AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Leroy argues that he is entitled to equitable tolling of the limitation period until the time he received copies of state court documents from appellate counsel.[7] *Petitioner's*

---

[7]Leroy identifies the documents at issue as the sentencing order, plea agreement, guilty plea transcript, indictment, suppression hearing transcript and briefs filed on direct appeal. *Petitioner's Response*

*Response - Doc. No. 14* at 2.  In support of this argument, Leroy maintains that counsel's delay in providing the requested documents deprived him of the ability to access the trial court via the filing of a Rule 32 petition.  However, well settled law establishes that the challenged action of appellate counsel did not constitute an impairment to Leroy filing a Rule 32 petition.  *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992) (A prisoner's request for records associated with "his underlying conviction is premature [when made] prior to the filing of a collateral attack on that conviction.").  Consequently, a prisoner is not entitled to obtain records for the purpose of preparing a collateral attack on a criminal conviction.  *Id*.

In addition, case law directs that the lack of records did not adversely affect Leroy's ability to file a federal habeas petition prior to expiration of the one-year period of limitation.  The pleadings and evidentiary materials filed by Leroy establish that he participated in the guilty plea, suppression and sentencing proceedings from which his habeas claims arise.  Leroy therefore had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his conviction and could have presented his claims to this court in a timely filed § 2254 petition without access to any other information or documents associated with his state

---

*- Doc. No. 14* at 3.  Leroy alleges that he needed these documents to file a Rule 32 petition "to raise the claim of ineffective assistance of counsel in relation to the guilty plea and the 20 year sentence received therefrom."  *Id*. at 4.

court proceedings.  Under these circumstances, Leroy needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct. 856 (2003); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a federal habeas petition); *Donovan*, 276 F.3d at 93 (petitioner who attended every evidentiary hearing did not need transcripts to file habeas petition).  Furthermore, "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief.  Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition.  *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992 (prisoner not entitled to transcript before filing § 2254 petition)." *Lloyd v. Van Natta*, 296 at 633; *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir. 1996) (Petitioner in attendance at state court proceedings "knew or should have known what transpired.  He was thus on notice that he should include [claims arising during such proceedings] in [a properly filed habeas petition]".).[8]

Even though Leroy was not in possession of various state court records for the

---

[8]These same conclusions are equally applicable to Leroy's ability to properly file a state post-conviction petition challenging his conviction.

period of time he alleges, he has failed to set forth any "extraordinary circumstances" which prevented the filing of a timely habeas petition. *Drew*, 297 F.3d at 1290; *Lloyd,* 296 F.3d at 634 ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"), *cert. denied,* 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); *Donovan*, 276 F.3d at 93 (delay in obtaining transcript not a basis for equitable tolling of one-year limitation period); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (delay in receipt of transcript does not warrant equitable tolling); *Brown v. Cain*, 112 F.Supp.2d 585, 587 (E.D.La. 2000) (transcript unnecessary to prepare habeas petition); *Fadayiro v. United States,* 30 F.Supp.2d 772, 779-780 (D.N.J. 1998) (delay in receiving transcripts not sufficiently extraordinary to justify application of equitable tolling); *United States v. Van Poyck,* 980 F.Supp. 1108, 1110-1111 (C.D.Cal. 1997) (delay in receipt of transcript not an "extraordinary circumstance[ ]" sufficient to justify equitable tolling); *see also Robinson v. Johnson*, 313 F.3d 128, 142-143 (3rd Cir. 2002) (petitioner's claim of deprivation of legal materials did not warrant equitable tolling). In light of the foregoing, the court concludes that Leroy's lack of access to transcripts and other records relevant to his conviction and sentence for trafficking in marijuana does not establish an extraordinary

circumstance sufficient to justify equitable tolling.

Moreover, Leroy also fails to demonstrate that he exercised reasonable diligence in pursuing his § 2254 petition prior to expiration of the limitation period as is "required for equitable tolling purposes." *Holland*, 560 U.S. at 653, 130 S.Ct. at 2565. Despite the challenged action of appellate counsel, it is clear that Leroy could have filed a federal habeas action with this court prior to expiration of the one-year period of limitation. Specifically, Leroy concedes knowledge of the limitation period well before its expiration and the record demonstrates that he could have filed either a timely state post-conviction tolling the federal limitation period or a federal habeas action prior to expiration of the limitation period. *See Robinson v. Johnson,* 313 F.3d at 143 (Court properly denied equitable tolling to petitioner based on deprivation of legal materials where petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials.").

Leroy maintains that he believed "he could not file the [Rule 32] petition without those legal documents" in counsel's possession. *Petitioner's Response - Doc. No. 14* at 4. To the extent Leroy argues that his misunderstanding of the law entitles him to equitable tolling, this assertion is without merit. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States*

13

*v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a  pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

The record is devoid of evidence that Leroy's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with

the exercise of reasonable diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). This court simply "cannot say that [Leroy] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, Leroy is not entitled to equitable tolling of the limitation period. *Bryant v. Arizona*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Diaz v. Secretary for Dept. Of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004). Absent statutory tolling, the applicable one-year period of limitation began to run on February 11, 2010 and expired on February 11, 2011.

  2. **Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Leroy filed a Rule 32 petition in the Circuit Court of Houston County, Alabama on March 3, 2011, this state post-conviction petition did not warrant statutory tolling of the federal limitation period as Leroy failed to file the petition prior to expiration of the federal period of limitation. *Webster*, 199 F.3d at 1259 ("A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period

15

remaining to be tolled."). Thus, Leroy is not entitled to statutory tolling of the limitation period.

**3. <u>Expiration of the Limitation Period</u>**.  Under the circumstances of this case as set forth herein, the one-year period of limitation calculated in accordance with the directives of 28 U.S.C. § 2244(d)(1)(A) began to run February 11, 2010 and expired on February 11, 2011.  Leroy filed his petition for federal habeas relief on November 13, 2011 and has failed to demonstrate that this petition should not be dismissed as untimely filed. In light of the foregoing, the court concludes that the instant petition for habeas corpus relief is due to be denied as Leroy filed the petition after expiration of the applicable one-year period of limitation.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Alexander Leroy be DENIED as it was not filed within the one-year period of limitation mandated by the provisions of 28 U.S.C. § 2244(d)(1).

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before July 8, 2014 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the

16

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of June, 2014.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

17